**In re Petition of KSL TV (CHANNEL 5), KUTV, INC. (Channel 2) KTVX (channel 4), KUED (Channel 7) and KBYU (Channel 11) for Modification of Canon 3(A)(7) and (8) of the Utah Code of Judicial Conduct.**

No. 910368.

Supreme Court of Utah.

Aug. 30, 1991.

MINUTE ENTRY

Having considered the petition to modify Canon 3(A)(7) and (8) of the Utah Code of Judicial Conduct, the Court hereby grants that portion of the petition wherein electronic media coverage in the Utah Supreme Court was sought, and makes permanent the authorization granted in this court's prior docket number 20269, 727 P.2d 198, dated October 8, 1986, subject to the same conditions and guidelines announced therein.

A condition precedent to the exercise of this authority will be the permanent installation of all necessary wiring and all other electrical facilities needed to permit the use of television cameras in the courtroom. Such installation shall be done in a manner so as to be unobtrusive and require no compromise of court security or the solemnity of court proceedings. Such installations shall be to the court's satisfaction and at the petitioners' expense.

That part of the petition requesting permission to utilize electronic media coverage in the Utah Court of Appeals remains under advisement.

The portion of the petition requesting a one year experiment allowing electronic media coverage in the district and circuit trial courts in the State of Utah is hereby denied.

DURHAM, J., dissents from the decision of the court denying the one year experiment with electronic media coverage in the district and circuit trial courts.

**In re Petition of KSL TV (CHANNEL 5), KUTV, INC. (Channel 2), KTVX (Channel 4), KUED (Channel 7) and KBYU (Channel 11) for Modification of Canon 3(A)(7) and (8) of the Utah Code of Judicial Conduct.**

No. 910368.

Supreme Court of Utah.

Sept. 16, 1991.

MINUTE ENTRY

That part of the petition requesting authorization of electronic media coverage in the Utah Court of Appeals is hereby granted, subject to the following conditions.

Installation of all necessary wiring and associated facilities needed to permit the use of television cameras shall be at the petitioners' expense and shall be to the court's satisfaction.

Furthermore, the notice provisions and general guidelines published in the Appendix to the Petition of Society of Professional Journalists, for Modification of Canon 3(A)(7) etc., published at 727 P.2d 200, shall apply equally to the Utah Supreme Court and the Utah Court of Appeals with one amendment. Appendix A sub-section (5) is hereby amended to read: "At least two working days' written notice requesting media access shall be given to the court, unless good cause exists to justify shorter notice....."